UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAVIS THOMPSON,<br><br>                      Plaintiff,<br><br>   v.<br><br>MEADOWBROOK HOUSING<br>PARTNERS, LP, *et al.*,<br><br>                      Defendants. | Case No. 23-cv-1300-BAS-DDL<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

      Plaintiff Mavis Thompson filed an action in San Diego Superior Court on June 28, 2023, appearing to allege Defendant Meadowbrook Housing Partners unlawfully evicted her from her rental unit. (ECF No. 1-3.) On July 14, 2023, Plaintiff removed her action to federal court and applied to proceed *in forma pauperis*. But the federal removal statute, 28 U.S.C. § 1441(a), does not confer the party who initiates an action in state court with the right to thereafter remove it to federal court. 28 U.S.C. § 1441(a) (an action "may be removed by "*defendant or the defendants*" (emphasis added); *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 ("Here, the railroad is the plaintiff under 28 U.S.C. § 1441(a) . . . and cannot remove"). This is true even if that party's opponent later filed a cross-complaint against the plaintiff, which does not appear to be the case here. *See, e.g.*, *Ballard's Serv. Ctr., Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989) ("Title 28 U.S.C. §

1446 authorizes removal only by defendants and only on the basis of claims brought against them and not on the basis of counterclaims asserted by them.  Plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them.").

Therefore, the Court **REMANDS** *sua sponte* the case to San Diego Superior Court. The Clerk of Court is **DIRECTED** to close this action

**IT IS SO ORDERED.**

**DATED: August 3, 2023**

Hon. Cynthia Bashant
United States District Judge